### MADDOCK *v.* STEVENS.

*(Supreme Court, Special Term, New York County.   October, 1888.)*

JUDGMENT—CONFESSION—DEATH OF DEBTOR—FRACTION OF DAY.

Code Civil Proc. N. Y. § 1275, providing that judgment by confession shall not be entered after defendant's death, is violated by entry of such judgment after his death, though on the same day; the rule that the law will not regard fractions of a day not applying.

At chambers. Motion by F. P. Osborn, executor of defendant, Stevens, to set aside a judgment against such defendant, entered on the day of his death, but later in the day, on written confession given by him.

*Condert Bros.*, for the motion. *Samuel Brown, contra.*

BARRETT, J. The judgment here was entered in plain violation of the terms of the statute. Code Civil Proc. § 1275. This section expressly provides that judgment by confession shall not be entered after the defendant's death. It is undisputed that the present judgment was entered after the defendant's death. The doctrine that the law will not ordinarily inquire into fractions of a day has no applicability. That was not the doctrine upon which a judgment on warrant of attorney was allowed to be entered after the death of the defendant. The latter was accomplished by the fiction of relation, and the warrant was held good as of the preceding term, whether entered on the day of the death or at a later period. The same rule in substance applies to-day after an accepted offer to allow judgment. Code Civil Proc. § 763. There may not seem to be any good reason why judgment should be authorized after death in the case of an accepted offer, and forbidden in the case of confession. But that is the statute. I see no escape for the plaintiff. The defendant was dead when the confession was taken to the clerk's office, and the law said that it should not be entered. The court cannot inquire into the equities, and construe the statute to suit the possible justice or injustice of each case. The act was forbidden, and that must be decisive.